IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**FRANCIS EUGENE WHITE, #K-6563** **PLAINTIFF**

**VERSUS** **CIVIL ACTION NO. 3:05cv367TSL-AGN**

**HARVEY FRANK HULSE** **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court, sua sponte, for consideration of dismissal. The plaintiff, an inmate currently incarcerated in the Central Mississippi Correctional Facility, Pearl, Mississippi, filed this personal injury cause of action based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. The named defendant is Harvey Frank Hulse of Gallop, New Mexico. The plaintiff seeks monetary damages as relief. On June 29, 2005, the plaintiff was granted in forma pauperis status and he was ordered to file an amended complaint to provide specific information to the court. The plaintiff filed his amended complaint [10-1] on July 13, 2005.

## Background

The plaintiff was convicted of aggravated assault on May 18, 2001, and is currently serving a twenty-year sentence in the Mississippi Department of Corrections. The plaintiff alleges that the defendant was involved in an illicit relationship with his wife, who is now deceased. The plaintiff claims that the defendant committed perjury and made false statements regarding this illicit relationship at the plaintiff's criminal trials of December 2, 2000, and May 15, 2001, in the Circuit Court for Rankin County, Mississippi. The plaintiff contends that these false statements and perjury have caused him to suffer emotional stress

and "no one should be allowed to commit perjury and make false statements against another." Amended Complaint at pg. 2.

## Analysis

After reviewing the plaintiff's complaint and amended complaint and applying a liberal construction as required by Haines v. Kerner, 404 U.S. 519 (1972), the court has come to the following conclusion. The plaintiff's claims are time-barred by the statute of limitations.

"[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). It is well settled that when a complaint filed in forma pauperis is barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915(d). Id.; see also, Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993).

When federal law does not specify a limitations period, the federal court borrows the limitations period from the state statute that most resembles the federal action. Ferens v. John Deere Co., 494 U.S. 516, 519 (1990). Because there is no federal statute of limitations for the plaintiff's cause of action, i.e., intentional and/or negligent infliction of emotional distress,[1] the personal injury limitations period for Mississippi applies. Id. at 519, (federal court exercising diversity jurisdiction finds that Mississippi law governs the limitation period); Walker v. Armco Steel Corp., 446 U.S. 740, 745 (1980) (concluding that federal court in a diversity case should follow State law statute of limitations); King v. Otasco, 861 F.2d 438,

---

[1] It is unnecessary for the court to determine if the plaintiff's claims are based on negligence or an intentional tort, since the claims are time-barred under either statute.

441 (5th Cir.1988)("Because this diversity suit was filed in Mississippi, Mississippi law determines which state's law applies.  Mississippi applies its own statute of limitations to claims arising in other states .. . ").  The Mississippi statute of limitations for intentional torts is one-year and for general personal injury cause of actions it is three years.  Miss. Code Ann. § 15-1-49 (1972), as amended.  Even though Mississippi law governs the applicable limitations period, federal law governs when a cause of action accrues.  Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001).  "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'"  Piotrowski, 237 F.3d at 576 (citing Russell v. Bd. of Trustees, 968 F.2d 489, 493 (5th Cir.1992))(quoting Helton v. Clements, 832 F.2d 332, 335 (5th Cir.1987)), cert. denied, 507 U.S. 914 (1993).  The federal court should also give effect to the forum state's applicable tolling provisions.  Bd. of Regents, et al. v. Tomanio, 446 U.S. 478, 483 (1980).

    The plaintiff's claims accrued more than three years prior to filing the present action on June 13, 2005, and are time-barred.  The State of Mississippi does not provide a tolling provision for incarceration.  Therefore, this complaint will be dismissed as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), with prejudice.

    A final judgment in accordance with memorandum opinion and order will be entered.

    SO ORDERED, this the ___19th___ day of July, 2005.

                                                                         ___/s/ Tom S. Lee_____
                                                                         UNITED STATES DISTRICT JUDGE